# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE E. JACKSON Individually and as Guardian ad Litem for R.G., a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, DEPARTMENT OF PROBATION, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, SUPERVISING PROBATION OFFICER JOHN PERRICO, DEPUTY PROBATION OFFICER GUSTAVO JIMENEZ, DCFS SOCIAL WORKERS KAREN VANCE and MICHELE LOYA-CHHABRA, and DOES 1-10,<br><br>Defendants. | CV 17-4935-SVW (KSx)<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING USE AND DISCLOSURE OF CONFIDENTIAL RECORDS** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order Governing Use and Disclosure of Confidential Records ("Stipulation") filed on November 7, 2017, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 2, 7, and 11 of the**

**Stipulation.**

## **AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]**

1. The Parties understand that the following, upon order thereon by the above entitled Court, constitutes a binding Protective Order.

2. The Protective Order shall govern the disclosure of confidential records, documents, and/or information contained therein, as produced by the Juvenile Court **in connection with** ~~pursuant to~~ this Court's Order ~~granting the Parties' Joint Stipulation~~ regarding Production of Juvenile Case File RE: Plaintiff R.G. **(Dkt. No. 34).**~~, filed concurrently herewith.~~ Good cause exists for this Stipulated Protective Order because said records, documents and information contained in the Juvenile Case File is protected under California <u>Welfare and Institutions Code</u> § 827 and <u>California Rules of Court</u> 5.552.

3. All such records shall be designated by stamping copies of each document "CONFIDENTIAL" before being produced. Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the multi-page document as confidential, unless otherwise indicated.

4. Upon receiving confidential information or documents, all Parties and their attorneys of record shall personally safeguard and keep confidential all copies of the confidential information or documents provided by the County of Los Angeles, and all confidential information shall be used only for the purposes set forth below, and only for the purpose of litigating the case *Jasmine E. Jackson et al. v. County of Los Angeles, et al.,* 2:17-CV-04935-SVW-KS.

5. Should any document be inadvertently produced without properly

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

being marked as "Confidential" under the terms of this Order, the Parties may designate and mark a document as "Confidential" at any time.

6. Any confidential document used as an exhibit during a deposition shall be attached to a separate deposition volume marked as "Confidential: Subject to Protective Order."

7. The Parties may only disseminate the confidential information when necessary for the litigation of the above-entitled civil action as follows: **a**1) to their employees, including paralegal, clerical and secretarial staff, **b**2) to individuals testifying under oath at deposition or trial in this action, **c**3) to any expert retained by any Party in this case, *Jasmine E. Jackson et al. v. County of Los Angeles, et al.,* 2:17-CV-04935-SVW-KS, if any, and **d**4) the Court **and its personnel**, ~~members of its staff~~, including ~~stenographic, jurors, and other~~ court reporters, ~~as necessary for use in this case, *Jasmine E. Jackson et al. v. County of Los Angeles, et al.,* 2:17-CV-04935-SVW-KS~~. Any individual **listed in paragraphs 7(a) through 7(c) above** to whom disclosure is to be made will also be bound by the provisions of this Protective Order. Before such disclosure or dissemination of the confidential information or records is made by the Parties or their attorneys, the recipient will be advised of this protective order and will confirm by date and signature his/her agreement to comply with it. In the event such individual does not consent to be bound by this Protective Order in writing, no disclosure of the confidential information or documents will be made to such individual.

8. Copies of all confidential documents and information shall only be used in connection with the litigation of the *Jasmine E. Jackson et al. v. County of Los Angeles, et al.,* 2:17-CV-04935-SVW-KS matter, including depositions, law and motion, trial, and appeal, if any.

9. No Party or their attorneys shall disclose or disseminate to the general public or any news media any of the documents or information contained in the documents produced to either Party. This paragraph is not meant to address the use

of confidential documents at a deposition, or for law and motion proceedings and trial in the case *Jasmine E. Jackson et al. v. County of Los Angeles, et al.,* 2:17-CV-04935-SVW-KS.

10. Upon conclusion of the *Jasmine E. Jackson et al. v. County of Los Angeles, et al.,* 2:17-CV-04935-SVW-KS case, all confidential information, as well as any information obtained and/or derived from the disclosure of the confidential information, shall be kept confidential. All confidential records provided shall be returned to the producing party or destroyed at the conclusion of the *Jasmine E. Jackson et al. v. County of Los Angeles, et al.,* 2:17-CV-04935-SVW-KS case.

**11. If any Party should desire to include any Confidential Information or Item in any papers filed with the Court, the Party shall file an application, in accordance with the requirements of Local Rule 79-5, and provide the requisite showing for a Court order allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d).** ~~Documents produced and protected under this protective order are subject to the United States District Court Central District's Local Rule 79-5 relating to procedures to file documents under seal. The parties agree to use the procedure listed in Local Rule 79-5 for the filing of any document that is subject to this protective order.~~

12. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder and any alleged violation of this Protective Order. If there is deemed to be a violation of this order, the court shall determine sanctions or other remedies against the party found to be in violation.

**IT IS SO ORDERED.**

DATED: November 13, 2017

*/s/ Karen L. Stevenson*
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE